IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLENN BROOKS #52170-037

    Plaintiff,

v.             CIVIL ACTION NO. WDQ-13-675

CHRIS FUNK, et al.,

    Defendants

MEMORANDUM

On February 25, 2013,[1] self-represented plaintiff Glenn Brooks ("Brooks") signed a civil rights action for declaratory relief and money damages arising out of his February 4, 2010 arrest in Baltimore City. The complaint,[2] received by the Clerk on March 4, 2013, alleges that two individual Baltimore City police officers, the Baltimore City Police Department, and "other unknown persons" placed Brooks, his family, and a friend in danger[3] while effecting Brooks' arrest,[4] which resulted in his November 1, 2010, federal conviction for felon in possession of a firearm pursuant to 18 U.S.C. § 922(b)(1).[5]

---

[1] The complaint is deemed filed on the date is was signed, pursuant to the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

[2] Brooks failed to pay the $350.00 filing fee or provide an indigency motion and affidavit when filing his complaint. In light of the outcome, he shall not be required to correct this deficiency.

[3] It appears that the friend, Dennis Gregory, was shot and killed by Baltimore City Police Officers Chris Funk and Matthew Ryckman during the incident. ECF No. 1, Affidavit, pp. 1, 4.

[4] Brooks alleges that Funk and Ryckman, together with unknown law enforcement personnel, used excessive force against him during his arrest. ECF No. 1, Affidavit at 2-4. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984); *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101. (1989 Repl. Vol., 1992 Cum. Supp.). Brooks' claim of excessive use of force has been filed outside the applicable statute of limitations.

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox*, 529 F.2d at 50. The running of the statute of limitations begins when a plaintiff knows or has reason to know of his injury. (*Id.*). Here, Brooks knew of physical injuries allegedly sustained due to excessive use of force on the date of his arrest. Thus, to the extent Brooks intends to seek damages for excessive use of force, his claim falls outside the

To the extent that Brooks is seeking compensation for his arrest, prosecution, conviction and confinement under a civil rights theory, the case shall be summarily dismissed without prejudice as the complaint for damages is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994).[6] The plaintiff in *Heck*, an Indiana state prisoner, sued two state prosecutors and a state investigator who had participated in the investigation leading to plaintiff's conviction, alleging that defendants had knowingly destroyed evidence which was exculpatory in nature and had also caused an unlawful voice identification procedure to be used at trial. The complaint sought compensatory and monetary damages. The Supreme Court concluded that the complaint had to be dismissed. In so doing, the Court rejected the lower court's reasoning that a § 1983 action should be classified as a habeas corpus action:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will **not** demonstrate the invalidity of any outstanding criminal judgment

---

three-year limitations period and is subject to dismissal.

[5] *See USA v. Brooks*, WDQ-10-0330 (D. Md.). Neither the conviction nor Brooks' 228-month sentence were the subject of an appeal. Collateral relief under 28 U.S.C. § 2255 was denied on February 11, 2013. *Id.*, ECF Nos. 39-40.

[6] As there is a clear nexus between Brooks' conviction and the alleged wrongful government action not barred by the statute of limitations, the *Heck* bar applies. *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

> against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-7.

A judgment in favor of Brooks with regard to his criminal process would bring into question the validity of his criminal conviction. Under the rule of *Heck*, his claims for damages may not proceed in this court at this time because he cannot show that his convictions have been reversed or vacated. A separate order dismissing the action without prejudice follows.

Date: 3/12/13

William D. Quarles, Jr.
United States District Judge

3